UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

RICARDO GAYLE,

                                     Plaintiff,

        -against-

THE CITY OF NEW YORK, POLICE OFFICER
NARINE C. RAMLOCHAN, POLICE OFFICERS JOHN
DOES 1-15,

                                     Defendants.

**ECF CASE**

**COMPLAINT**

07 CV 5727 (PKC) (DFE)

Jury Trial Demanded

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff seeks relief for the violation of his rights secured by 42 U.S.C. § 1983, the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York. This case arises from an April 22, 2007 incident in which several members of the New York City Police Department ("NYPD") subjected plaintiff to false arrest, retaliation, excessive force, assault, battery, an illegal strip search, and fabrication of evidence. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorneys' fees, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his state law claims of false arrest, assault, battery, and

negligence. With respect to these state law claims, a notice of claim was duly filed on the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing, and the City has refused to settle plaintiff's state law claims.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because defendant City of New York is subject to personal jurisdiction in the Southern District of New York. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b) because the City of New York's negligence and deliberate indifference to plaintiff's rights under federal and state law took place in this district, specifically at NYPD Headquarters located at One Police Plaza, and at the office of the Civilian Complaint Review Board located at 40 Rector Street.

## **PARTIES**

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officer Narine C. Ramlochan is a member of the NYPD who was involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 22, 2007. Ramlochan is liable for directly participating in the acts described herein and for failing to intervene to protect plaintiff from the illegal conduct of his fellow officers. Ramlochan is sued in his individual capacity.

8. Police Officers John Does 1-15 are members of the NYPD who were involved in the arrest of plaintiff, and the events arising out of plaintiff's arrest, on April 22, 2007. John Does 1-15 are sued in their individual capacities.

**STATEMENT OF FACTS**

9. On April 22, 2007, at approximately 4:10 a.m., on Nostrand Avenue between Cortelyou Avenue and Clarendon Avenue, Brooklyn, New York, approximately 15 police officers in uniform of the 67th precinct, including Officer Narine C. Ramlochan, stopped and seized plaintiff without cause.

10. When plaintiff peacefully objected to the unlawful treatment by the officers, several of the officers, including Officer Ramlochan, acting in concert, maced plaintiff, struck plaintiff several times in the face, head, and body, and handcuffed plaintiff excessively tight causing marks and interfering with plaintiff's circulation.

11. The officers continued to strike plaintiff while he was handcuffed.

12. Plaintiff was subsequently taken to the 67th Precinct and falsely charged with resisting arrest and disorderly conduct.

13. At the precinct, plaintiff requested medical treatment but an unidentified officer told plaintiff that he was ready to be taken to Brooklyn Central Booking and that he would soon be released.

14. Plaintiff was taken to Brooklyn Central Booking on April 22, 2007, at approximately 9:00 p.m.

15. Upon being admitted to Central Booking, plaintiff was illegally strip searched down to his underwear in front of other inmates.

16. Plaintiff was arraigned in Criminal Court on April 23, 2007, at approximately 1:00 a.m.

17. At the arraignment, the false charges filed against plaintiff by the officers, were adjourned in contemplation of dismissal.

18. On April 23, 2007, plaintiff was treated at Kings County Hospital.

19. As a result of defendants' actions, plaintiff experienced pain and physical injuries to his face, head, body, and wrists, emotional distress, fear, embarrassment, humiliation, discomfort, loss of liberty, and damage to reputation.

### FEDERAL CLAIMS AGAINST POLICE OFFICER NARINE C. RAMLOCHAN AND POLICE OFFICERS JOHN DOES 1-15

20. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-19 as if fully set forth herein.

21. The conduct of Police Officer Narine C. Ramlochan and Police Officers John Does 1-15, as described herein, amounted to false arrest, retaliation, excessive force, an illegal strip search, and fabrication of evidence. This conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

### STATE LAW CLAIMS AGAINST POLICE OFFICER NARINE C. RAMLOCHAN AND POLICE OFFICERS JOHN DOES 1-3

22. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-21 as if fully set forth herein.

23. The conduct of Police Officer Narine C. Ramlochan and Police Officers John Does 1-15, as described herein, amounted to false arrest, assault, battery, and negligence in violation of the laws of the State of New York.

### FEDERAL CLAIM AGAINST THE CITY OF NEW YORK

24. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-23 as if fully set forth herein.

25. The City of New York directly caused the constitutional violations suffered by plaintiff.

26. Upon information and belief, the City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed with the City, and from the City's own observations, that its police officers, including the individual defendants, are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

27. The aforesaid conduct by the City of New York violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Sixth, and Fourteenth Amendments to the United States Constitution.

**STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK**

28. Plaintiff repeats and realleges the allegations contained in ¶¶ 1-27 as if fully set forth herein.

29. Because the individual defendants were acting within the scope of their employment as members of the NYPD during the incident in question, the City of New York is vicariously liable under state law for the false arrest, assault, battery, and negligence committed by the officers.

30. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants. The City of New York, at all relevant times herein, was aware from notices of claim, lawsuits, complaints filed

with the City, and from the City's own observations, that the individual defendants are unfit, ill-tempered officers who have the propensity to commit the acts alleged herein. Nevertheless, the City of New York exercised negligence by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized them. Moreover, the City of New York failed to adequately investigate prior complaints against the officers.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Costs, interest and attorney's fees;

    d. Such other and further relief as this Court may deem just and proper, including injunctive and declaratory relief.

DATED:    June 15, 2007
                Brooklyn, New York

                                    CARDINALE & MARINELLI
                                    26 Court Street, Suite 1815
                                    Brooklyn, New York 11242
                                    (718) 624-9391

                                    By:

                                    s/
                                    _____
                                    RICHARD J. CARDINALE (RC-8507)